UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FREDDIE FOUNTAIN,

      Petitioner,

v.                                                                Case No.  3:17cv211-LC-CJK

FLORIDA DEPARTMENT OF
CORRECTIONS SECRETARY,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent moves to dismiss the petition as time-barred, providing relevant portions of the state court record.  (Doc. 18).  Petitioner opposes the motion.  (Doc. 22).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner was charged in Escambia County Circuit Court Case No. 2013-CF-214, with two counts of attempted second degree murder with a firearm (Counts 1 and 2), shooting into an occupied vehicle (Count 3), and possession of a firearm by a convicted felon (Count 4). (Doc. 18, Ex. A, p. 1).[1] Petitioner retained counsel (Attorney Gene Mitchell) and resolved the charges pursuant to a negotiated plea agreement whereby: (1) petitioner pled no contest to possession of a firearm by a convicted felon with no sentence recommendation but with the understanding that his sentence would be between 3 and 15 years in prison;[2] and (2) the State nolle prossed the remaining three charges. (Ex. A, pp. 59-71 (plea hearing transcript), pp. 73-78 (plea agreement)). The trial court found petitioner's plea freely and knowingly made and accepted the plea. (*Id.*, p. 70). On April 4, 2014, the court adjudicated petitioner guilty of possession of a firearm by a convicted felon (Count 4), sentenced him to 10 years in prison with a 3-year mandatory minimum, and entered judgment. (Ex. A, pp. 59-71 (plea hearing transcript), pp. 83-108

---

[1] All references to exhibits are to those provided at Doc. 18. Where a page of an exhibit bears more than one page number, the court cites the number appearing at the bottom center of the page.

[2] The firearm offense carried a 3-year mandatory minimum and a maximum sentence of 15 years in prison. *See* Fla. Stat. § 790.23(1)(a), § 775.082 and § 775.087(2). The State offered petitioner the choice between accepting a sentence recommendation of 5 years in prison, or pleading straight up to the court. (Ex. A, pp. 73 (plea agreement); pp. 60, 62, 65-66, 68-70 (plea hearing). Petitioner chose the latter. (Ex. A, pp. 73, 66, 68-70).

(sentencing hearing transcript), pp. 110-117 (judgment and sentence)).  On April 10, 2014, petitioner, through Attorney Mitchell, filed a motion to modify sentence under Florida Rule of Criminal Procedure 3.800(c).  (Ex. A, p. 119).  The sentencing judge conducted a hearing and denied the motion on July 24, 2014.  (*Id*., pp. 120-44 (hearing transcript), p. 145 (order)).  On July 28, 2014, petitioner, through Mitchell, filed a notice of appeal from the April 4, 2014, judgment and from the denial of the motion to modify sentence.  (Ex. A, p. 146).  On July 30, 2014, Mitchell moved to withdraw.  (*Id*., pp. 154-55).  The trial court granted the motion and appointed the public defender to represent petitioner on appeal.  (*Id*., p. 156).  The public defender filed an *Anders* brief.[3]  (Ex. B).

On November 26, 2014, the Florida First District Court of Appeal (First DCA) ordered petitioner to show cause why his appeal should not be dismissed as untimely. (Ex. C).  The court cited Florida Rule of Appellate Procedure 9.110(b) (providing 30 days to appeal from a final order), and *Winslow v. State*, 37 So. 3d 974 (Fla. 1st DCA 2010) (holding that a motion to reduce sentence under Fla. R. Crim. P. 3.800(c) is not a post-judgment motion that tolls the time for filing an appeal).  The First DCA also noted that an order denying a Rule 3.800(c) motion is not appealable.  (Ex. C (*citing Barrington v. State*, 46 So. 3d 1077 (Fla. 1st DCA 2010))).  The public

---

[3] *See Anders v. California*, 386 U.S. 738 (1967); *In Re Anders Briefs*, 581 So. 2d 149 (Fla. 1991).

defender responded that petitioner's private attorney filed the notice of appeal and that the public defender had no information concerning its timeliness or lack thereof. (Ex. D). The public defender requested the court to direct its show cause order to Attorney Mitchell. (*Id.*). The First DCA dismissed petitioner's appeal on December 10, 2014. *Fountain v. State*, 152 So. 3d 568 (Fla. 1st DCA 2014) (Table) (copy at Ex. E).

On May 8, 2015, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which he later amended. (Ex. G, pp. 1-31, 34-61). The state circuit court denied relief without an evidentiary hearing. (*Id.*, pp. 62-88). The First DCA affirmed per curiam without opinion. *Fountain v. State*, 194 So. 3d 1023 (Fla. 1st DCA 2016) (Table) (copy at Ex. K). The mandate issued August 8, 2016. (Ex. M).

Petitioner filed a *pro se* state habeas petition on August 10, 2016. (Ex. N). On November 7, 2016, the state circuit court treated the petition as a successive motion for postconviction relief under Fla. R. Crim. P. 3.850, and denied the petition with prejudice. (Ex. O). Petitioner did not appeal. (*See* Ex. P).

Petitioner filed his federal habeas petition on March 28, 2017. (Doc. 1, p. 1). Petitioner challenges the voluntariness of his plea on the ground that his trial counsel was ineffective for: (1) advising him to plead straight up to the charge instead of

agreeing to the State's recommended sentence of 5 years in prison, (2) failing to file a motion to withdraw plea and (3) failing to object to testimony at sentencing.  (*Id.*). Respondent asserts, and petitioner agrees, that the petition was filed outside the statute of limitations.  (Doc. 18 (respondent's motion to dismiss); Doc. 22, p. 2 ¶ 5 (petitioner's response)).

STATUTE OF LIMITATIONS AND
EQUITABLE TOLLING

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition.  *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).  AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claim on a right newly recognized by the United States Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before his judgment became final.  Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's judgment became final.  *See* 28 U.S.C. § 2244(d)(1).

Under Florida law, petitioner had 30 days to appeal from the April 4, 2014, judgment.  *See* Fla. R. App. P. 9.110(b); Fla. R. App. P. 9.140(b)(3) (providing that an appeal by a defendant in a criminal case is commenced by filing a notice of appeal "at any time between the rendition of a final judgment and 30 days following rendition of a written order imposing sentence."); *see also Gust v. State*, 535 So. 2d 642, 643 (Fla. 1st DCA 1988) (holding that criminal defendant who pled no contest had 30 days from the date of his judgment to file an appeal from the conviction, and

that his judgment became final under Florida law when that period expired without the filing of a notice of appeal (*citing* Fla. R. App. P. 9.140(b)).  Petitioner's time to appeal expired on May 5, 2014,[4] and his late-filed appeal was dismissed as untimely. Because petitioner did not timely appeal, his judgment became final for purposes of § 2244(d)(1)(A), on May 5, 2014, when the time for seeking direct review in state court expired.  *See* 28 U.S.C. § 2244(d)(1)(A); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that for petitioners who do not pursue direct review all the way to the United States Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review' – when the time for pursuing direct review in this Court, or in state court, expires.").

Petitioner is not entitled to the 90-day period for seeking certiorari review in the United States Supreme Court, because that Court would have lacked jurisdiction to review the Florida trial court's judgment in the first instance.  *See Gonzalez*, 565 U.S. at 154 (holding that if a state prisoner does not pursue the highest level of review available to him in the state court system, he is not entitled to the additional 90 days for seeking certiorari review in the United States Supreme Court; explaining: "We can review . . . only judgments of a 'state court of last resort' or of a lower state

---

[4] Because the 30th day, May 4, 2014, fell on a Sunday, petitioner had until the following day to file a timely notice of appeal.  *See* Fla. R. App. P. 9.420(e); Fla. R. Crim. P. 3.040; Fla. R. Jud. Admin. 2.514(a)(1)(C).  Petitioner's Rule 3.800(c) motion did not toll the time for filing a notice of appeal.  *See Winslow, supra*.

court if the 'state court of last resort' has denied discretionary review." *Id*. (*citing* 28 U.S.C. § 1257(a), and Sup. Ct. R. 13.1)).

The federal limitations period began to run on May 6, 2014, but was immediately statutorily tolled under 28 U.S.C. § 2244(d)(2), due to the pendency of petitioner's Rule 3.800(c) motion. *See Rogers v. Sec'y, Dep't of Corr.*, 855 F.3d 1274 (11th Cir. 2017) (holding that a motion to reduce sentence under Fla. R. Crim. P. 3.800(c) is an application for "collateral review" within the meaning of § 2244(d)(2), and tolls the limitations period). The limitations period remained statutorily tolled until the sentencing court denied the motion on July 24, 2014.

The limitations period began to run again on July 25, 2014, and ran for 287 days until petitioner filed his Rule 3.850 motion on May 8, 2015. Petitioner's Rule 3.850 motion was pending, and statutorily tolled the limitations period, until issuance of the First DCA's mandate on August 8, 2016. *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" postconviction motion is "pending" under Florida procedure, and consequently tolls the limitations period, until the appellate court's issuance of the mandate on appeal).

The limitations period began to run again on August 9, 2016, and ran for 1 day until petitioner filed his state habeas petition on August 10, 2016. Assuming to petitioner's benefit (as the parties do), but not deciding, that this state petition tolled

the limitations period, it was pending and would have tolled the limitations period until December 7, 2016, when the 30-day period to appeal the circuit court's November 7, 2016, order expired. At that point, there were 77 days remaining on the federal limitations clock. Petitioner had until February 23, 2017, to file his federal habeas petition, but did not file until March 28, 2017. Petitioner concedes that his petition is untimely. (Doc. 22, p. 2 ¶ 5).

Petitioner argues he is entitled to equitable tolling due to Attorney Mitchell's failure to file a timely notice of appeal from the April 4, 2014, judgment. "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (internal quotation marks and citation omitted), *cert. denied*, 138 S. Ct. 1042 (2018). A petitioner seeking equitable tolling must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks omitted); *see also Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The burden of proving

circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) (*citing Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)).  The petitioner must allege more than conclusory allegations, *San Martin*, 633 F.3d at 1268, and must "show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition."  *Id*. at 1267.  Decisions regarding equitable tolling "must be made 'on a case-by-case basis' in light of 'specific circumstances, often hard to predict in advance,' although [courts] 'can and do draw upon decisions made in other similar cases for guidance.'" *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) (*quoting Holland*, 560 U.S. at 650).

Petitioner asserts that Attorney Mitchell's failure to file a timely notice of appeal constitutes "extraordinary circumstances", because Florida law is well settled that (1) the filing of a Rule 3.800(c) motion does not toll the time for filing a notice of appeal, and (2) denials of Rule 3.800(c) motions are not appealable.  (Doc. 22, p. 3 ¶ 8).  Petitioner asserts that he diligently pursued his rights following Mr. Mitchell's "error[ ]".  (*Id*., ¶ 9).

The most recent binding precedent defining "the appropriate standard for gauging when attorney error amounts to an extraordinary circumstance" is *Cadet*.

*See Cadet*, 853 F.3d at 1221-22.  In *Cadet*, the court held that "attorney negligence, even gross or egregious negligence, does not by itself qualify as an 'extraordinary circumstance' for purposes of equitable tolling; either abandonment of the attorney-client relationship . . . or some other professional misconduct or some other extraordinary circumstance is required."  *Id*. at 1227.   Examples of other "professional misconduct" or "other extraordinary circumstance" include, but are not limited to, "bad faith, dishonesty, divided loyalty, and mental impairment."  *Id*. at 1236.

Neither petitioner's allegations, nor anything else in the record suggests that Attorney Mitchell's conduct amounted to abandonment as that concept has developed in *Holland*, *Maples v. Thomas*, 565 U.S. 266 (2012), and *Cadet*.  Nor is there evidence of the type of serious attorney misconduct that would warrant equitable tolling.  This case involves, at most, attorney negligence.  *See Holland*, 560 U.S. at 651-52 ("[A] simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling." (quotation and citation omitted)); *Cadet*, 853 F.3d at 1237 ("[A]n attorney's negligence, even gross negligence, or misunderstanding about the law is not by itself a serious instance of attorney misconduct for equitable tolling purposes[.]"); *see also Holland*, 560 U.S. at 657 (Alito, J., concurring) (explaining that in addition to miscalculating the filing

deadline, "forget[ing] to file the habeas petition on time, mail[ing] the petition to the wrong address, or fail[ing] to do the requisite research to determine the applicable deadline" are all "forms of attorney negligence" constructively attributable to the client); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Any miscalculation or misinterpretation by [the defendant's] attorney in interpreting the plain language of the statute does not constitute an extraordinary circumstance sufficient to warrant equitable tolling."). As petitioner has not met his burden of establishing entitlement to equitable tolling or any other exception to the limitations bar, his petition should be dismissed.[5]

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

---

[5] Because the court concludes that petitioner has not shown "extraordinary circumstances," the court need not reach the diligence prong of the analysis.

*Case No. 3:17cv211-LC-CJK*

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El*, 537 U.S. 322, 336 (2003) (*quoting* 28 U.S.C. § 2253(c)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S. at 327).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the

attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 18) be GRANTED.

2.  That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Freddie Dayshen Fountain, III*, Escambia County Circuit Court Case No. 2013-CF-214, be DISMISSED WITH PREJUDICE.

3.  That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 9th day of May, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.   A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.